# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MICHAEL HALE,**

    **Plaintiff,**

**v.**                                                         **Case No. 1:11-cv-128 RB/DJS**

**THE GEO GROUP, INC. and NEW**
**MEXICO CORRECTIONS DEPARTMENT,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

By Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings [Doc. 6], filed February 11, 2011, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. The Court recommends that the "Motion to Ensure Safety of Plaintiff" [Doc. 8], filed February 23, 2011, which the Court construes as a motion for preliminary injunction, be **DENIED.**

**I.**      **BACKGROUND**

Plaintiff Hale is currently incarcerated and pursuing a *pro se*, *in forma pauperis* action under 42 U.S.C. §1983 against Defendants for allegedly violating his civil rights in prison. He claims, among other things, that prison officials prevented him from practicing his religion, denied him medical care, and retaliated against him for making complaints and grievances. He seeks damages totaling $66,150,000. [Doc. 1 at 6.] The case is currently pending review by this court under 28 U.S.C. §§ 1915(e)(2) and 1915A (requiring court to screen prisoner and *in forma pauperis*

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

complaints and dismiss any portions thereof that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune).  The Court has not yet ordered that Defendants be served.

Hale's complaint alleges three claims.  Claim I alleges that Defendants acted with "gross negligence" by allowing employees to remove religious materials from him, thereby preventing him from performing his daily worship ritual.  Claim II alleges that Defendants, either out of revenge or "gross negligence," delayed for over 48 hours before allowing him to shower after he had been sprayed with mace.  Claim III does not allege any additional conduct, but states that he suffers mental health issues cause by the gross negligence described in Claims I and II.

Included within the claims are allegations that employees of Defendants retaliate against him for filing complaints and grievances.  Hale alleges that in retaliation for filing grievances, various employees threatened him with physical violence, ripped up a photograph, removed his bed sheets, denied him a shower, gave his dinner to another inmate, and struck him on the back of the head.  He also claims he has been placed on "max lock down" as punishment for his allegations.  [Doc. 1 at 12–15.]

The "Motion to Ensure Safety of Plaintiff" alleges that another retaliatory incident took place shortly after he filed this lawsuit.  Hale claims that on February 15, 2011, he suddenly lost vision in his left eye and the loss of vision was accompanied by an intense headache.  He alleges that instead of summoning medical attention, two officers decided to teach him a lesson by entering his cell, shoving him, and conducting a strip search.  After an unspecified period of time, a physician's assistant appeared, examined Hale, and scheduled an appointment for him with an eye doctor.  Hale further claims that various employees inhibited his attempts to file a grievance related to this incident by refusing to notarize his affidavit.  A copy of the "New Mexico Corrections Department

Inmate Informal Complaint" form describing the February 15, 2011 incident is attached to the motion. [Doc. 8 at 7–8.]

Hale apparently does not seek to add this incident as a separate claim to his complaint. The specific relief he requests is to require the deputy warden of the facility to meet with him once a week and to "sign a statement about legit [sic] staff treatment," which should then be mailed to the court. [Doc. 8 at 5.]

## II.   DISCUSSION

### A.   Legal Standards

The Court construes Hale's motion as a request for a preliminary injunction to prevent future retaliation from occurring pending the outcome of this lawsuit. A preliminary injunction is an extraordinary equitable remedy "designed to preserve the relative positions of the parties until a trial on the merits can be held." Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1224 (10th Cir. 2009) (citation and internal quotation marks omitted).

To obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury if the preliminary injunction is denied; (3) that the threatened injury outweighs the injury to the defendant caused by the preliminary injunction; and (4) that an injunction is not adverse to the public interest. Aid for Women v. Foulston, 441 F.3d 1101, 1115 (10th Cir. 2006). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Aid for Women, 441 F.3d at 1115 (citations and quotation marks omitted). Furthermore, the injunction Hale requests would require the deputy warden to meet with him weekly and make weekly reports to the Court. This type of "mandatory injunction" is disfavored because it affirmatively requires the nonmovant to act in a particular manner and places the Court in a position where it will have to provide ongoing

supervision to ensure compliance.  Schrier v. University of Co., 427 F.3d 1253, 1261 (10th Cir. 2005).

      **B.**      **Analysis**

Hale has not met the heavy burden of establishing he is entitled to the extraordinary relief he requests.  The Court need proceed no further than the first two elements.  Hale has not shown there is a substantial likelihood he will succeed on the merits.  He also has not shown he will suffer irreparable injury if a preliminary injunction is denied.  The denial of medical treatment he alleges for the sudden loss of vision on February 15, 2011 was fairly brief in duration and did not apparently result in permanent injury.  He states his vision lapsed for 20 or 30 seconds and had returned to normal without medical intervention even before corrections officers responded to his calls for assistance. [Doc. 8 at 8.]  Hale states he was "promptly" seen by a physician's assistant and scheduled for an appointment with an eye doctor. [Doc. 8 at 8.]

Furthermore, a review of the docket indicates that any alleged retaliatory conduct has not inhibited Hale in pursuing this litigation.  He has engaged in a prolific motion practice, filing eight motions in less than two months.  Based on these facts, there is not a clear, unequivocal right to the relief Hale requests.

**III.**    **CONCLUSIONS and RECOMMENDATION**

Hale has failed to demonstrate that the equities weigh in favor of an injunction.  The Court therefore recommends the "Motion to Ensure Safety of Plaintiff" [Doc. 8], filed February 23, 2011 be denied.

                                                                **DON J. SVET**
                                                            **United States Magistrate Judge**