**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER HALE,

    Plaintiff,

v.                                          No. CV 11-0128 RB/DJS

THE GEO GROUP, INC.,
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint alleges that Plaintiff has been subjected to religious discrimination, retaliation,

excessive force, threats of violence, and denial of necessary medical treatment. In his Motion To Add To Original Complaint (Doc. 29) (the "motion to amend"), Plaintiff alleges an additional incident of denial of medical treatment. He contends that Defendants' actions violated his constitutional protections. The complaint seeks damages.

No relief is available on Plaintiff's allegations against Defendant New Mexico Corrections Department. "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity-- '[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). Plaintiff's claims against Defendant New Mexico Corrections Department will be dismissed.

At this stage of the litigation, Plaintiff may amend his complaint without leave of the Court, *see* Fed. R. Civ. P. 15(a), and thus his motion to amend will be denied as moot and treated as a supplemental complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion To Add To Original Complaint (Doc. 29) is DENIED as moot and will be construed as a supplemental complaint;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant New Mexico Corrections Department are DISMISSED with prejudice, and Defendant New Mexico Corrections Department is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with copies of the complaint and the Motion To Add To Original Complaint (Doc. 29), for Defendant GEO Group, Inc.

_____
UNITED STATES DISTRICT JUDGE