IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MICHAEL HALE,**

    **Plaintiff,**

**v.**                                                                           **Case No. 1:11-cv-128 RB/DJS**

**THE GEO GROUP, INC.,**

    **Defendant.**

## ORDER FOR *MARTINEZ* REPORT

THIS MATTER comes before the Court on consideration of the above-captioned civil rights action. Plaintiff Christopher Michael Hale is a *pro se* prisoner litigant. The Court discerns the following allegations from the *Prisoner's Civil Rights Complaint* [Doc. 1] and the supplemental complaint [Doc. 29]:

1. Defendant interfered with Plaintiff's right to practice his religion, the Asatru faith, by removing his religious objects and treating them as contraband in violation of prison policy. [Doc. 1 at 3, 12.]

2. Plaintiff was denied medical attention after being sprayed with mace during an altercation with another inmate. He claims he was placed in a cell following the application of mace and denied a decontamination shower or drinking water for an extended period. [Doc. 1 at 3, 15–19; Doc. 29 at 3.]

3. Defendant or its employees retaliated against Plaintiff for filing grievances. The alleged retaliatory conduct includes destroying a photograph, threats, giving his dinner to another inmate, removing his sheets, and placing him in "max-lock down." [Doc. 1 at 13–15.]

4. Captain Mitchell struck Plaintiff on the back of the head on September 11, 2010. This

    incident allegedly occurred while Plaintiff was handcuffed, and was recorded by a surveillance camera and witnessed by another inmate, Rodney S. Paschoal. [Doc. 1 at 12; Doc. 29 at 4.]

5. Plaintiff claims he was denied adequate medical treatment for a sudden loss of vision that occurred on February 15, 2011. [Doc. 29 at 1.]

Plaintiff claims to have suffered physical and psychological injuries as result of Defendant's conduct. He seeks damages.

  In a case brought by a prisoner proceeding *pro se*, the court may order the defendants to submit a special report (*Martinez* report) to investigate the incident or incidents that form the basis for plaintiff's lawsuit. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)). The Tenth Circuit has authorized the district court to require a *Martinez* report to develop a factual or legal basis for determining whether an inmate plaintiff has a meritorious claim. *See Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of procedural situations, including entry of summary judgment. *See Christensen v. Big Horn County Bd. of County Comm'rs*, 374 F. App'x 821, 825 (10th Cir. 2010) (unpublished) (collecting cases).

  The Court finds that additional information would be helpful in evaluating and addressing Plaintiff's claims. Defendant shall therefore prepare and submit a *Martinez* report as described below to aid the court in evaluating Plaintiff's claims. The *Martinez* report should include:

1. Any visual recordings or audio recordings, grievances, correspondence, witness statements, photographs, medical reports, and incident or other reports relating to the allegations described above;

2. Any requests for medical care Plaintiff made while in custody;

    3.      The findings of any investigations conducted with regard to the allegations above;

    4.      Any defenses Defendant wishes to pursue including but not limited to immunity defenses, failure to exhaust, and statute of limitations; and

    5.      Any other items or matters pertinent to the allegations above.

If pertinent documents and records exist, Defendant shall include copies of them as attachments to the *Martinez* report. The attachments should be arranged in a logical order, indexed, and Bates-stamped or otherwise numbered. Defendant must provide affidavits to properly authenticate documents attached to the *Martinez* report. Defendant also may submit other affidavits or attachments in support of the *Martinez* report. Documents in support of the *Martinez* report should be submitted simultaneously with the report. The submission of documents alone without an accompanying report will not be in compliance with this order.

In addition, Defendant shall provide a *Vaughn* index[1] which includes a substantial description of any documents Defendant contends should not be disclosed. *In camera* review of those documents may be required by further Court order.

Defendant shall file and serve the *Martinez* report no later than <u>January 30, 2012</u>. Plaintiff shall respond to the *Martinez* report no later than <u>February 29, 2012</u>. Defendant may file and serve a reply no later than <u>March 16, 2012</u>.

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims,**

---

[1] "A *Vaughn* index is a compilation prepared by the government agency...listing each of the withheld documents and explaining the asserted reason for its nondisclosure." *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973)).

whether by motion or *sua sponte*. The parties therefore should submit whatever materials they consider relevant to the claims and defenses. *See Hall*, 935 F.2d at 1110–11.

_____
**DON J. SVET**
**United States Magistrate Judge**