**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHRISTOPHER MICHAEL HALE,**

    **Plaintiff,**

**v.**                                                                                                           **No. 11-cv-0128 RB/SMV**

**THE GEO GROUP, INC.,**
**THE NEW MEXICO CORRECTIONS DEPARTMENT,**

    **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION SEEKING SANCTION
UPON THE DEFENDANT**

THIS MATTER comes before the Court on Plaintiff's Motion Seeking Sanction Upon the Defendant [Doc. 75] ("Motion").[1] Plaintiff alleges in his underlying complaint that an employee of The GEO Group, Inc. attacked him at the facility where he is incarcerated. Prisoner's Civil Rights Complaint [Doc. 1] at 12. Plaintiff seeks sanctions under Fed. R. Civ. P. 11 against the Defendant for allegedly interfering with Plaintiff's access to the Court and preventing Plaintiff from pursuing criminal charges against his alleged attacker. Motion [Doc. 75] at 1–2. Even if everything Plaintiff alleges were true, Rule 11 would not apply. Because Plaintiff fails to establish that Defendant violated Rule 11 in any way, the motion will be denied.

Rule 11 establishes the standards that all attorneys and pro se parties must meet when filing pleadings, motions, and other papers in court. A court may impose Rule 11 sanctions if a party presents a pleading (1) to harass or delay, or that, to the best of the party's knowledge, is (2) not

---

[1] Plaintiff is incarcerated, appearing pro se, and proceeding *in forma pauperis*. This Court affords leniency in interpreting pleadings filed by pro se litigants. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers").

well-grounded in fact or (3) warranted by existing law or a good argument for the extension, modification, or reversal of existing law. Fed. R. Civ. P. 11(b); *see also Coffey v. Healthtrust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993).

Plaintiff's claim for be sanctions fails to withstand even casual scrutiny. The gist of Plaintiff's motion is that Defendant and its employees have allegedly interfered with Plaintiff's calls to the police. Plaintiff's claim is not that Defendant has filed papers with the intent to delay proceedings or to harass the Plaintiff; nor does Plaintiff allege that Defendant has filed papers not based upon a reasonable inquiry of fact or law. In short, Rule 11 simply does not apply to the circumstances alleged in Plaintiff's motion. *See Coffey*, 1 F.3d at 1104 (Rule 11 sanctions "serve to punish a knowing filing of a false and misleading pleading"); *see also Eisenberg v. Univ. of N.M.*, 936 F.2d 1131, 1134 (10th Cir. 1991) (Rule 11 has a narrow scope that imposes an affirmative duty only to conduct a reasonable inquiry into the validity of a document that a litigant signs and submits to a court).

For the reasons above, Plaintiff's Motion [Doc. 75] is hereby **DENIED**.

**IT IS SO ORDERED.**

                **STEPHAN M. VIDMAR**
                **United States Magistrate Judge**