**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHRISTOPHER MICHAEL HALE,**

    **Plaintiff,**

**v.**                                                        **Case No. 11-cv-0128 RB/SMV**

**THE GEO GROUP, INC.,**
**NEW MEXICO CORRECTIONS DEPARTMENT,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S MOTION FOR ASSISTANCE FOR DEFRAUDING OF RIGHTS AND CONDITIONS**

THIS MATTER is before the Court on Plaintiff's Motion for Assistance for Defrauding of Rights and Conditions [Doc. 77] ("Motion for Assistance").[1] The Motion for Assistance has been referred to the undersigned by the Honorable Robert C. Brack, United States District Judge, for analysis and a recommended disposition. Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings [Doc. 93]. Having considered the Motion for Assistance, The GEO Group, Inc.'s response, the relevant law, and being otherwise fully advised, the Court **FINDS** that Plaintiff has not shown that there is a substantial likelihood that his underlying action will succeed on the merits. The Court further **FINDS** that Plaintiff has not shown immediate irreparable harm absent

---

[1] Plaintiff is incarcerated, appearing pro se, and proceeding *in forma pauperis*. Prisoner's Civil Rights Complaint [Doc. 1] at 1, ¶ 1; Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), And to Make Payments or Show Cause [Doc. 5] at 1. Courts must liberally construe a pro se litigant's pleadings, yet "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the injunction he requests.  Accordingly, pursuant to relevant law, the Court **RECOMMENDS** that Plaintiff's Motion for Assistance be **DENIED**.

## I.    BACKGROUND

Plaintiff filed his Prisoner's Civil Rights Complaint [Doc. 1] ("Complaint") on February 8, 2011.  Among the various counts alleging violations of 42 U.S.C. § 1983, Plaintiff alleges that the Defendant and its employees have: (1) deprived him of his religious property, which prevented his worship, Complaint [Doc. 1] at 3, 12, and (2) hit him on the head while he was restrained with handcuffs, Complaint [Doc. 1] at 12.  On February 23, 2011, the Plaintiff filed his Motion to Ensure Safety of Plaintiff [Doc. 8] ("Motion for Safety").   In that motion, Plaintiff requested weekly appointments with the deputy warden of the facility where he is incarcerated. The Honorable Don J. Svet, United States Magistrate Judge, construed the Motion for Safety as a motion for a preliminary injunction and recommended its denial for failure to show (1) a substantial likelihood that the underlying action would succeed on the merits and (2) immediate irreparable harm would occur without an injunction.. Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 25] ("PF&RD") at 1, 4. District Judge Brack adopted Magistrate Judge Svet's findings and recommendations on May 7, 2011. Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 26].

Presently before the Court is Plaintiff's Motion for Assistance [Doc. 77], in which Plaintiff again seeks injunctive relief.  He describes his attempts to contact state police to initiate a criminal investigation of the alleged removal of religious items and assault that constitute the basis of his complaint. Motion for Assistance [Doc. 77] at 3.  Plaintiff requests a "preliminary injunction"

ordering The GEO Group, Inc. to allow him to call the state police to bring criminal charges against the persons responsible for the alleged conduct. *Id.* at 2–3.

## II.     DISCUSSION

Preliminary injunctions are an extraordinary remedy reserved for occasions when the right to relief is "clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (internal quotation omitted). To succeed in a traditional request for injunctive relief, the movant must show: (1) a substantial likelihood that the underlying case will prevail on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing; and (4) that the injunction, if issued, will not be adverse to the public interest. *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1542–43 (10th Cir. 1994). Normally, a movant must show all four of the elements of the preliminary injunction test to prevail on its request. *See Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (a modified standard exception exists when a movant can establish that the last three elements tip strongly in its favor). The showing of irreparable harm is a stringent standard that requires clear, specific allegations of the harm that might follow without this Court's intervention. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

As applied to the present motion, Plaintiff has failed to show that he has a *substantial* likelihood of success on the merits. Here, as in Plaintiff's previous request for injunctive relief, [Doc. 8], Plaintiff makes no showing whatsoever of the likelihood that his § 1983 claims will prevail. Without such a showing, Plaintiff has failed to demonstrate a necessary element to his request for preliminary injunctive relief, which should thus be denied.

Furthermore, Plaintiff does not make factual allegations that clearly demonstrate that an immediate and *irreparable* injury would befall him if the injunction is denied.  Plaintiff is concerned that without a criminal investigation of the alleged attack and property deprivation, his underlying § 1983 claims "may hurt." Motion for Assistance [Doc. 77] at 3.  Yet he does not clearly state how a criminal investigation by the local police will prevent any injury to himself or his underlying civil case.  Instead, it seems that Plaintiff intends to use the requested injunctive relief not to forfend an irreparable harm but rather to fortify the merits of his underlying case with a criminal investigation. Plaintiff's bare assertion that a criminal investigation will "further implicate the Defendant," without stating more, simply does not show an irreparable harm. Motion for Assistance [Doc. 77] at 3. Therefore, the Motion for Assistance should be denied.

### III.     CONCLUSIONS AND RECOMMENDATIONS

Plaintiff has not shown that there is a substantial likelihood his action will prevail on the merits.  Nor has he shown that he might suffer an irreparable harm in the absence of injunctive relief.  Plaintiff's motion fails to establish that he is entitled to injunctive relief. Therefore,

**IT IS RECOMMENDED** that Plaintiff's Motion for Assistance [Doc. 77] be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
     **STEPHAN M. VIDMAR**
     **United States Magistrate Judge**