IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MICHAEL HALE,**

    **Plaintiff,**

v.                                                      No. 11-cv-0128 RB/SMV

**THE GEO GROUP, INC.;**
**NEW MEXICO CORRECTIONS DEPARTMENT;**

    **Defendants.**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition Regarding Plaintiff's Motion for Assistance for Defrauding of Rights and Conditions [Doc. 95] ("PF&RD"), filed March 30, 2012, in which the Magistrate Judge recommended that Plaintiff's Motion for Assistance for Defrauding of Rights and Conditions [Doc. 77] ("Motion for Assistance") be denied. Plaintiff timely filed objections to the PF&RD on April 9, 2012. "Plaintiff's Response/Request to Respectfully Appeal [Doc. 95] of [Doc. 77]" [Doc. 100] ("Objections").

After conducting a de novo review of the Magistrate Judge's PF&RD, the record, and the relevant legal authorities, the Court OVERRULES the Plaintiff's Objections [Doc. 100], ADOPTS the Magistrate Judge's PF&RD [Doc. 95], and DENIES Plaintiff's Motion for Assistance [Doc. 77].

**I.  BACKGROUND**

Plaintiff filed his Motion for Assistance [Doc. 77] on March 7, 2012, in which he moved the Court to order Plaintiff's jailers to allow him to call the police, a form of injunctive relief. *Id.* at 3. The Motion for Assistance describes Plaintiff's attempts to call the police to investigate the removal of religious items from his cell and a physical attack against him, both of which form the basis of

his underlying 42 U.S.C. § 1983 suit. *Id.* (attempts to call police); Prisoner's Civil Rights Complaint [Doc. 1] at 3, 12 (allegations of deprivation of religious property and physical attack by jailer while handcuffed). Plaintiff asserts that his underlying § 1983 action "may [be] hurt" without a criminal investigation of the jailers' alleged misdeeds. Motion for Assistance [Doc. 77] at 3.

The Magistrate Judge recommended that this Court deny Plaintiff's Motion for Assistance for failing to meet the stringent standard for injunctive relief. Report and Recommendations [Doc. 95] at 4. Specifically, the Magistrate Judge found that Plaintiff did not (1) show that he has a substantial likelihood of success on the merits, or (2) allege facts that demonstrated an immediate and irreparable injury would occur if the relief were denied. *Id.* at 3–4. Failing to meet two of the four prongs of the injunctive relief standard, the Magistrate Judge recommended denying Plaintiff's Motion for Assistance. *Id.* at 4.

**II.    ARGUMENT**

Plaintiff clarifies that the "only [criminal] actions sought [in the Motion for Assistance] are of the assault." Objections [Doc. 100] at 1. Plaintiff argues that an irreparable harm will occur if he is not permitted to call the police to report the alleged assault. In particular, Plaintiff states that it will be too late to call the police once he is released from prison because the "time limit [will be] expired to press such charges." *Id.* at 2. This argument was raised for the first time in Plaintiff's Objections.

**III.   ANALYSIS**

In the Tenth Circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). The only theory of an irreparable harm that Plaintiff asserted in his Motion for Assistance was that a failure to initiate a criminal investigation of his underlying claims would "hurt" his § 1983 claim.

Here, Plaintiff's only objection is the new argument that a criminal investigation of the underlying claims would be time-barred if he had to wait until his release from jail. Because he did not raise this argument in his Motion for Assistance, Plaintiff has waived this argument and it is disregarded. Failing to raise any other objections, Plaintiff's Objections are therefore overruled and Plaintiff's Motion for Assistance must be denied.

**IT IS ORDERED** that "Plaintiff's Response/Request to Respectfully Appeal [Doc. 95] of [Doc. 77]" [Doc. 100] is OVERRULED;

**IT IS FURTHER ORDERED** that Magistrate Judge Vidmar's Proposed Findings and Recommended Disposition Regarding Plaintiff's Motion for Assistance for Defrauding of Rights and Conditions [Doc. 95] is ADOPTED; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Assistance for Defrauding of Rights and Conditions [Doc. 77] is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**