IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MICHAEL HALE,

    Plaintiff,

v.                                            No. 11-cv-0128 RB/SMV

THE GEO GROUP, INC.;
NEW MEXICO CORRECTIONS DEPARTMENT;

    Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Supplement Plaintiff's Complaint to Add the Proper Individuals['] Names [as] Defendant[s] on the Complaint [Doc. 67], filed on January 23, 2012 ("Second Motion to Amend").[1] Defendant GEO responded in opposition on January 26, 2012. Defendant GEO's Response in Opposition to Plaintiff's Motion to Supplement Complaint [Doc. 67] [Doc. 70] ("Response"). On February 15, 2012, Plaintiff filed a 205-page reply without leave to exceed the 12-page limit.[2] Plaintiff's Answer to Defendant[s'] Response in re-gaurds [sic] to "Plaintiff's motion to Supplement Complaint [Doc. 67]" by Means of Satisfying D.N.M.LR-Civ. 7.3(b) [Doc. 71] ("Reply"). This case was referred to me for proposed findings and a recommended disposition by the Honorable Robert C. Brack, United States District Judge, on March 21, 2012. Order of Reference . . . [Doc. 93].

---

[1] At most times relevant to this case, Plaintiff has been incarcerated, appearing pro se, and proceeding *in forma pauperis*. However, he notified the Court on August 15, 2012, that he had been released. Change of Address [Doc. 133].
[2] Plaintiff requests copies of the 196 pages of exhibits to his Reply [Doc. 71]. The Court has granted his request for copies in another order, entered concurrently herewith. Thus the request at [Doc. 71] at 7–8 is **MOOT**.

Also before the Court is a second round of briefing on the same matter. Plaintiff's Motion to Add Defendants [Reconstructed] by Amending Complaint [Doc. 112], filed on May 17, 2012; Defendant GEO's Response to Plaintiff's "Request to the Court filed with, & in Relation to Plaintiff's [Doc. 112]" [Doc. 123], filed on June 28, 2012. Additionally, Plaintiff filed a Request to Grant [doc. 112] [sic] [Doc. 119] on June 5, 2012.

For the reasons stated herein, I recommend that the Second Motion to Amend [Doc. 67] be **GRANTED IN PART** and **DENIED IN PART**:

I recommend **GRANTING** the Motion to the extent that:

1. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the removal-of-religious-materials claim against Captain Guevara and Sergeant Perry only;

2. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the "mace" claim against Lieutenant Vigil and Corrections Officers Archuleta and Felix;

3. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie; and

4. Plaintiff's Complaint [Docs. 1, 29] be amended to assert a claim against Captain Mitchell for hitting Plaintiff on the head.

I recommend **DENYING** the Motion to the extent that:

5. Plaintiff seeks to add Senior Warden Bravo, Deputy Warden Ulibarri, and Sergeant Campos as defendants because such amendments would be futile; and

6. Plaintiff seeks to add Lea County Correctional Facility and Guadalupe County Correctional Facility as defendants because claims against them would have to be

brought against their respective counties, but because Plaintiff has alleged no policy or custom, it would be futile to add either the counties or the correctional facilities;

7. Plaintiff seeks to add Senior Warden Janecka, Dep. Warden Beard, Major Sandoval, unnamed Major at Lea County Correctional Facility, and the unnamed Department of Corrections state-contract monitors at Lea County and Guadalupe County Correctional Facilities because Plaintiff has alleged no personal involvement by any of these individuals in the alleged violations of his constitutional rights; and

8. Plaintiff seeks to assert the "mace" claim against Captain Aragon because such amendment would be futile.

I **FURTHER RECOMMEND** that:

9. The claim for denial of medical treatment or for denial of access to medical treatment regarding Plaintiff's vision loss be **DISMISSED** in its entirety because Plaintiff has not named any individual who denied him medical treatment or access to medical treatment for the vision problem; and

10. All claims against Defendant GEO Group be **DISMISSED** because Plaintiff has alleged no GEO Group policy that was the moving force behind the alleged constitutional violations.

I **FURTHER RECOMMEND** that Plaintiff's Motion to Add Defendants [Reconstructed] by Amending Complaint [Doc. 112] be **DENIED as moot**.

I **FURTHER RECOMMEND** that Plaintiff's Request to Grant [doc. 112] [sic] [Doc. 119] be **DENIED as moot**.

## I. Background

Plaintiff filed a Prisoner's Civil Rights Complaint [Doc. 1] ("Complaint") against Defendant GEO Group, Inc. ("GEO Group")[3] on February 8, 2011. He amended his complaint for the first time on June 17, 2011. "Motion to add to original Complaint" [sic] [Doc. 29] ("Supplemental Complaint"); *see* Memorandum Opinion and Order [Doc. 33] (construing [Doc. 29] as a supplemental complaint). Plaintiff's operative pleading, therefore, consists of [Docs. 1, 29].

Plaintiff asserts that his civil rights were violated while he was incarcerated at GEO-Group facilities in New Mexico. Specifically, he alleges that:

> 1. Defendant interfered with Plaintiff's right to practice his religion, the Asatru faith, by removing his religious objects and treating them as contraband in violation of prison policy. [Doc. 1 at 3, 12.]
> 2. Plaintiff was denied medical attention after being sprayed with mace during an altercation with another inmate. He claims he was placed in a cell following the application of mace and denied a decontamination shower or drinking water for an extended period. [Doc. 1 at 3, 15–19; Doc. 29 at 3.]
> 3. Defendant or its employees retaliated against Plaintiff for filing grievances. The alleged retaliatory conduct includes destroying a photograph, threats, giving his dinner to another inmate, removing his sheets, and placing him in "max-lock down." [Doc. 1 at 13−15.]
> 4. Captain Mitchell struck Plaintiff on the back of the head on September 11, 2010. This incident allegedly occurred while Plaintiff was handcuffed, and was recorded by a surveillance camera and witnessed by another inmate, Rodney S. Paschoal. [Doc. 1 at 12; Doc. 29 at 4.]
> 5. Plaintiff claims he was denied adequate medical treatment for a sudden loss of vision that occurred on February 15, 2011. [Doc. 29 at 1.]

---
[3] Defendant New Mexico Corrections Department was dismissed on July 5, 2011 because it is not a "person" under 28 U.S.C. § 1983. Memorandum Opinion and Order [Doc. 33] at 2.

Order for *Martinez* Report [Doc. 62] at 1–2 (synthesizing Plaintiff's claims). Defendant denies Plaintiff's allegations and asserts numerous affirmative defenses, including that Plaintiff has failed to exhaust his administrative remedies. Defendant GEO Group, Inc.'s Answer to Prisoner Civil Rights Complaint [Doc. 37] ("Answer"); Defendant GEO Group, Inc.'s Answer to Plaintiff's Supplemental Complaint [Doc. 38] ("Answer to Supplemental Complaint").

On December 22, 2011, the Honorable Don J. Svet, United States Magistrate Judge, ordered Defendant to produce a *Martinez* report pursuant to *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)). Order for *Martinez* Report [Doc. 62]. However, before Defendant filed its *Martinez* Report, Plaintiff moved to add 22 new defendants. *Compare* Second Motion to Amend [Doc. 67] (filed January 23, 2012), *with Martinez* Report [Doc. 74] (filed February 28, 2012).

Defendant opposes the amendment for four reasons. First, Plaintiff gave no explanation for his nearly one-year delay in moving to add the proposed defendants. [Doc. 70] at 2. Second, Defendant sees the Second Motion to Amend as one more of Plaintiff's "abusive" and "dilatory" litigation tactics. *Id.* Third, Defendant asserts that the amendment would be futile. However, Defendant addresses the futility of only some of the proposed defendants and only conclusorily asserts that Plaintiff has failed to allege sufficient personal involvement of the others. *Id.* at 2–3. Lastly, Defendant asserts that allowing the amendment would prejudice it by unnecessarily delaying resolution of the case. *Id.* at 3. Plaintiff offers no legitimate reply. Instead, he argues that he should be allowed to add the new defendants "in-order [sic] to grant justice," Reply

[Doc. 71] at 5, and because Defendant was granted an extension of time to file its *Martinez* Report, *id.* at 6–7.

## II. Analysis

The Federal Rules of Civil Procedure call for courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Ultimately, the decision whether to grant leave is left to the discretion of the court. *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1274 (10th Cir. 1989). Courts generally "afford[ the plaintiff] an opportunity to test his claim on the merits," unless there are grounds to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Such grounds may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

I agree with Defendant that several factors weigh against allowing Plaintiff's proposed amendment. Plaintiff has offered no legitimate excuse for his delay in seeking to add these 22 new defendants nearly a year after filing his Complaint. The fact that Defendant was permitted an extra 30 days to submit its *Martinez* Report has no bearing on Plaintiff's waiting more than 11 months to attempt to amend his Complaint. Additionally, although Plaintiff has filed an excessive number of motions and other documents during the pendency of this case, the instant motion is not frivolous. Moreover, Defendant is correct in that the addition of some but not all of the proposed defendants would be futile, as addressed below.

Nevertheless, I find that, in the long run, allowing the amendment is the most expeditious way to manage the case. If the Second Motion to Amend were denied at this time, I see no

reason why Plaintiff could not file a new lawsuit naming the 22 proposed defendants. Indeed, he has already attempted to do so. *See Hale v. Vigil*, No. 12-cv-0869 JAP/SMV. Thus, rather than delaying adjudication of the claims against these proposed defendants, I find that it would be more efficient to allow Plaintiff to amend his Complaint, in part, now.

### A. Futility

I find that it would be futile to allow Plaintiff to amend his Complaint to add certain defendants. With respect to those defendants, therefore, I recommend that the Second Motion to Amend [Doc. 67] be denied. Similarly, pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), I recommend dismissing the GEO Group and the claim for denial of medical treatment or denial of access to medical treatment for Plaintiff's alleged vision problem. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (A court may dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation marks omitted).

1. GEO Group, Lea County Detention Center, and Guadalupe County Detention Center

The GEO Group should be dismissed from this action, and the Second Motion to Amend [Doc. 67] should be denied with respect to Lea County Detention Center and Guadalupe County Detention Center because Plaintiff has alleged no institutional policy resulting in the alleged violations of his constitutional rights.

In *Monell v. New York City Dep't of Soc. Servs.,* the Supreme Court held that a municipality cannot be held liable under 42 U.S.C. § 1983 merely because it employs a

tortfeasor; rather, to be liable, the municipality must have a policy or custom that caused the constitutional tort. 436 U.S. 658, 691, 694 (1978). That is, § 1983 recognizes no respondeat superior liability. *Id.* at 691. While *Monell* itself applied to municipal governments, it is now settled that *Monell* also extends to private entities acting under color of state law when they are sued pursuant to § 1983. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Accordingly, in order to hold a private entity acting under the color of state law liable for the alleged unconstitutional acts of its employees, a plaintiff must show that the entity "directly caused the constitutional violation by instituting an official municipal policy of some nature that was the direct cause or moving force behind the constitutional violations." *Smedley v. Corr. Corp. of Am.*, No. 04-5113, 175 F.App'x 943, 946, 2005 WL 3475806, at *2 (10th Cir. Dec. 20, 2005) (unpublished) (internal quotation marks omitted).

Plaintiff has failed to state a claim against the GEO Group or either detention center. Specifically, Plaintiff has not alleged that there was a policy that was the moving force behind any of the violations he alleges. Moreover, even if he had alleged such a policy or custom—which he has not—neither detention center would be a proper party. *See Aston v. Cunningham*, No. 99-4156, 2000 U.S. App. LEXIS 14379, at *12 n.3, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) ("[A] detention facility is not a person or legally created entity capable of being sued.")).[4] I therefore recommend dismissing all claims against

---

[4] Municipal entities are "persons" for purposes of § 1983, *Monell*, 436 U.S. at 663, but divisions of those entities are not, *Stump v. Gates*, 777 F. Supp. 808, 815–816 (D. Colo. 1991) (holding that because under Colorado law, counties were "bodies politic" with the power to sue and be sued, the counties were themselves the proper defendants, rather than their subsidiary departments, like the police department). Because New Mexico law, like Colorado law, identifies counties as bodies politic with the power to sue and be sued, it is only the counties themselves that are proper defendants, not their subsidiary departments, like the detention centers. *Compare* NMSA 1978, § 4-37-1

Defendant GEO Group.  Furthermore, I recommend denying Plaintiff's Second Motion to Amend [Doc. 67] insofar as it seeks to add Lea County Detention Center or Guadalupe County Detention Center as defendants.

    2.  <u>Senior Warden Janecka; Deputy Warden of Security Beard; Major Sandoval; Major John or Jane Doe; John or Jane Does, Department of Corrections State-Contract Monitors</u>

I recommend denying the Second Motion to Amend [Doc. 67] with respect to Senior Warden Janecka; Deputy Warden of Security Beard; Major Sandoval; Major John or Jane Doe; and John or Jane Does, Department of Corrections State-Contract Monitors, because Plaintiff has failed to allege any facts that could trigger their liability, whether personal, official, or supervisory.

First, Plaintiff has stated no claim against any of these proposed defendants in their individual capacities because he has not alleged that they were personally involved in violating his rights.  *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (internal quotation marks omitted).

Second, Plaintiff fails to state a claim against any of these proposed defendants in their official capacities.  As in Section II(A)(1), *supra*, Plaintiff fails to allege facts that could constitute a claim against the entities represented by the proposed defendants.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1983) (Suits brought under § 1983 against government employees in their official capacity "generally represent only another way of pleading an action against an

---

("Counties are granted the same powers that are granted municipalities...."), *with* § 3-18-1 ("A municipality is a body politic and corporate [and] may...sue or be sued.").  So, although Lea County and Guadalupe County themselves are municipal entities that are vulnerable to suit, their respective detention centers are only divisions of the Counties and, therefore, cannot be sued.

entity of which an officer is an agent.") (quoting *Monell*, 436 U.S. at 690 n.55); *Graham*, 437 U.S. at 166 (an action against a person in his official capacity should "be treated as a suit against the entity.").

Third, Plaintiff fails to state a claim against any of these proposed defendants in their supervisory capacities. Plaintiff's Complaint [Doc. 1, 29] includes no allegations whatsoever regarding any of these proposed defendants' involvement in any policy that caused his alleged constitutional violations. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (To succeed in a § 1983 claim against an official/supervisor, the plaintiff must demonstrate: (1) that the official "promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."). Accordingly, I recommend that the Second Motion to Amend [Doc. 67] be denied with respect to Senior Warden Janecka; Deputy Warden of Security Beard; Major Sandoval; Major John or Jane Doe; and John or Jane Does, Department of Corrections State-Contract Monitors because such amendment would be futile.

### 3. Allegedly Improper Confiscation of Religious Materials

For clarity's sake, I note that the religious materials claim is stated against proposed defendants Captain Guevara and Sergeant Perry only. The Complaint [Docs. 1, 29] contains no religious materials claim—or facts that could plausibly constitute a religious materials claim— against any other proposed or current defendant. Similarly, besides the religious materials claim, Plaintiff alleges no other claims—or facts that could constitute plausible claims—against

Guevara or Perry. To the extent that the Second Motion to Amend [Doc. 67] seeks otherwise, I recommend that it be denied as futile.

4. <u>Alleged Denial of Shower and Access to Water After Being Sprayed with "Mace"</u>

　　a. <u>Senior Warden Bravo, Deputy Warden Ulibarri, Captain Aragon</u>

Plaintiff has failed to allege facts that could constitute a denial or delay of showering after being sprayed with "mace" against Bravo, Ulibarri, or Aragon. Plaintiff alleges that he complained to these proposed defendants while in the medical unit after he was sprayed. Complaint [Doc. 1] at 3. He alleges that "I both told them it felt like it was eating my skin and I showed them I had got [sic] sprayed. (They said I'd be taken care of later.)" *Id.* Even assuming that denying Plaintiff a shower or access to water after having been sprayed with "mace" would state a claim under § 1983—which I do not necessarily find—Plaintiff has not alleged facts that amount to denial of a shower or water after the spraying. In fact, Plaintiff does not allege that he requested a shower or water from these proposed defendants, much less that they denied him either. In fact, Plaintiff himself alleges that he complained about the spray to these proposed defendants *in the medical unit* and that they assured him he would be "taken care of." Thus, Plaintiff has not alleged that Bravo, Ulibarri, or Aragon denied him a shower or access to water or medical treatment. Therefore, I recommend that the Second Motion to Amend [Doc. 67] be denied to the extent that Plaintiff seeks to add Bravo, Ulibarri, or Aragon as defendants to his "mace" claim.

b. <u>Sergeant Campos</u>

Similarly, Plaintiff has failed to allege facts that could constitute denial or delay of showering or access to water or medical treatment after being sprayed with "mace" on the part of Sergeant Campos. Plaintiff alleges that on the day after he was sprayed, October 27, 2010, Sergeant Campos:

> as normal procedure asked if I could go to rec or shower? I explained to him my arm had been bleeding and I needed to hurry. That all my towel and shower shoes were down stairs would he please grab them so I could shower? [<u>I had been up (all night spitting and p[e]eing) on my arm to try and rinse the spray off.</u>]

Complaint [Doc. 1] at 16 (all alterations in original except second to last). Alternatively, Plaintiff alleges:

> Sargent [sic] Campos asked if I wanted shower, rec? I told him my arm <u>was bleeding and the mace was burning my flesh! I asked him</u> to please grab my towel & shower shoes from down stairs. He rolled his eyes and left. Sometime later[,] he came back and I asked him if he had my shower shoes or towel? He responded by saying <u>"Fuck" and never let me shower.</u>

<u>Id.</u> at 17.

Even assuming that denying Plaintiff a shower after having been sprayed would state a claim under § 1983—which I do not necessarily find—Plaintiff has not alleged facts that amount to Sergeant Campos' denying him a shower after the spraying. In fact, Plaintiff himself alleges that Sergeant Campos <i>offered</i> Plaintiff a shower. Plaintiff alleges that Plaintiff then requested that Sergeant Campos retrieve Plaintiff's towel and shower shoes, with which Sergeant Campos did not comply. Thus, even if everything that Plaintiff alleges were true, Plaintiff's claim against Sergeant Campos would fail because Plaintiff has only alleged that Sergeant Campos did not

retrieve Plaintiff's towel and shower shoes, which does not constitute a civil rights violation. Plaintiff does not allege that Sergeant Campos denied him a shower. *See Boles v. Newth*, No. 11-1510, 2012 U.S. App. LEXIS 9350, at *9–10 (10th Cir. May 8, 2012) (unpublished) (affirming district court's Rule 12(b)(6) dismissal of § 1983 claim for denial of medical treatment where the plaintiff himself declined transport for cataract surgery and, instead, conditioned transport on his being permitted to take his sleep apnea device along with him, which the guards did not permit, because such condition amount to the *plaintiff's refusal* of transport, rather than the *guards' denial* of transport). Thus, Plaintiff's Second Motion to Amend [Doc. 67] should be denied with respect to Sergeant Campos because such amendment would be futile.

### c. Lieutenant Vigil and Corrections Officers Archuleta and Felix

Other than the proposed defendants named in the preceding paragraphs, the "mace" claim is stated against only Lieutenant Vigil and Corrections Officers Archuleta and Felix. The Complaint [Docs. 1, 29] contains no "mace" claim—or facts that could plausibly constitute a "mace" claim—against any other defendant. Similarly, besides the "mace" claim, Plaintiff alleges no other claims—or facts that could constitute plausible claims—against Vigil, Archuleta, or Felix.

### 5. Alleged Retaliation

For clarity's sake, I note that the retaliation claim is stated against Captain Aragon and Corrections Officers Honea and Christie only. The Complaint [Docs. 1, 29] contains no retaliation claim—or facts that could plausibly constitute a retaliation claim—against any other

13

proposed defendant. Similarly, besides the retaliation claim, Plaintiff alleges no other claim—or facts that could constitute plausible claims—against Honea or Christie. As explained above, I recommend denying Plaintiff's motion to add Captain Aragon to the "mace" claim, which is the only other claim asserted against Aragon. Therefore, if the Court adopts my recommendation, the sole claim against Aragon would be the retaliation claim. To the extent that the Second Motion to Amend [Doc. 67] seeks amendment that contradicts this paragraph, I recommend that it be denied as futile.

### 6. Captain Mitchell's Allegedly Hitting Plaintiff

I recommend granting the Second Motion to Amend [Doc. 67] to the extent that it asserts a claim against Captain Mitchell for allegedly striking Plaintiff in the head while handcuffed.

### III. Conclusion

If the Court adopts these recommendations, the remaining claims and defendants will be exclusively: (1) religious materials claim against Guevara and Perry; (2) "mace" claim against Vigil, Archuleta, and Felix; (3) retaliation claim against Honea, Christie, and Aragon; and (4) head-hitting claim against Mitchell.

I recommend that the Second Motion to Amend [Doc. 67] be **GRANTED IN PART** and **DENIED IN PART**:

I recommend **GRANTING** the Motion to the extent that:

1. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the removal-of-religious-materials claim against Captain Guevara and Sergeant Perry only;

2. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the "mace" claim against Lieutenant Vigil and Corrections Officers Archuleta and Felix;

3. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie; and

4. Plaintiff's Complaint [Docs. 1, 29] be amended to assert a claim against Captain Mitchell for hitting Plaintiff on the head.

I recommend **DENYING** the Motion to the extent that:

5. Plaintiff seeks to add Senior Warden Bravo, Deputy Warden Ulibarri, and Sergeant Campos as defendants because such amendments would be futile; and

6. Plaintiff seeks to add Lea County Correctional Facility and Guadalupe County Correctional Facility as defendants because claims against them would have to be brought against their respective counties, but because Plaintiff has alleged no policy or custom, it would be futile to add either the counties or the correctional facilities;

7. Plaintiff seeks to add Senior Warden Janecka, Dep. Warden Beard, Major Sandoval, unnamed Major at Lea County Correctional Facility, and the unnamed Department of Corrections state-contract monitors at Lea County and Guadalupe County Correctional Facilities because Plaintiff has alleged no personal involvement by any of these individuals in the alleged violations of his constitutional rights; and

8. Plaintiff seeks to assert the "mace" claim against Captain Aragon because such amendment would be futile.

I **FURTHER RECOMMEND** that:

9. The claim for denial of medical treatment or for denial of access to medical treatment regarding Plaintiff's vision loss be **DISMISSED** in its entirety because Plaintiff has not named any individual who denied him medical treatment or access to medical treatment for the vision problem; and

10. All claims against Defendant GEO Group be **DISMISSED** because Plaintiff has alleged no GEO Group policy that was the moving force behind the alleged constitutional violations.

I **FURTHER RECOMMEND** that Plaintiff's Motion to Add Defendants [Reconstructed] by Amending Complaint [Doc. 112] be **DENIED as moot**.

I **FURTHER RECOMMEND** that Plaintiff's Request to Grant [doc. 112] [sic] [Doc. 119] be **DENIED as moot**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**