IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MICHAEL HALE,

    Plaintiff,

v.                                            No. 11-cv-0128 RB/SMV

THE GEO GROUP, INC.;
NEW MEXICO CORRECTIONS DEPARTMENT;

    Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition [Doc. 138] ("PF&RD"), filed August 23, 2012, and on Plaintiff's Apeal [sic] on Document 138, ordered by Judge Vidmar, for points in err [sic] & correction [Doc. 141] ("Objections"),[1] filed September 7, 2012.[2] Judge Vidmar recommended that Plaintiff's Motion to Supplement Complaint to Add the Proper Individuals['] Names [as] Defendant[s] on the Complaint [Doc. 67] ("Second Motion to Amend") be granted in part and denied in part, and that certain claims be dismissed. *See* PF&RD [Doc. 138] 14–16. This Court conducted a de novo review of the PF&RD to determine the validity of Plaintiff's Objections. *See* 28 U.S.C. § 636(b)(1). For the reasons set forth below,

---

[1] Some pages of the Objections [Doc. 141], as the document appears on CM/ECF, are repeated—likely due to an error in scanning the physical copy of the document into CM/ECF. Regardless, all citations to the Objections are to the CM/ECF-numbered pages.

[2] At most times relevant to this case, Plaintiff has been incarcerated, appearing pro se, and proceeding *in forma pauperis*. However, he notified the Court on August 15, 2012, that he had been released. Change of Address [Doc. 133].

the Court will **OVERRULE** Plaintiff's Objections [Doc. 141] with the exception of his objection regarding Corrections Officer Eastridge, and will **ADOPT** the PF&RD [Doc. 138]. Accordingly, the Court will **GRANT in part and DENY in part** Plaintiff's Second Motion to Amend [Doc. 67] as follows:

The Court will **GRANT** the Second Motion to Amend [Doc. 67] to the extent that:

1. Plaintiff seeks to amend the Complaint [Docs. 1, 29] to assert his removal-of-religious-materials claim against Captain Guevara and Sergeant Perry only;

2. Plaintiff seeks to amend the Complaint [Docs. 1, 29] to assert the "mace" claim against Lieutenant Vigil and Corrections Officers Archuleta, Felix, and Eastridge;[3]

3. Plaintiff seeks to amend the Complaint [Docs. 1, 29] to assert the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie;

4. Plaintiff seeks to amend the Complaint [Docs. 1, 29] to assert a claim against Captain Mitchell for striking Plaintiff on the head;

The Court will **DENY** the Second Motion to Amend [Doc. 67] to the extent that:

5. Plaintiff seeks to add Senior Warden Bravo, Deputy Warden Ulibarri, and Sergeant Campos as defendants; and

6. Plaintiff seeks to add Lea County Correctional Facility and Guadalupe County Correctional Facility as defendants;

7. Plaintiff seeks to add Senior Warden Janecka, Deputy Warden Beard, Major Sandoval, unnamed Major at Lea County Correctional Facility, and the unnamed Department of

---

[3] Plaintiff's Second Motion to Amend [Doc. 67] names Corrections Officer Eastridge in the list of 22 proposed defendants. *Id.* at 2. However, the PF&RD did not address the addition of any claims against Eastridge one way or another. Upon this Court's de novo review of the Complaint [Docs. 1, 29], it is apparent that Plaintiff asserts the "mace" claim against Eastridge. *See* Complaint [Doc. 1] at 16–17.

       Corrections state-contract monitors at Lea County and Guadalupe County Correctional Facilities; and

8. Plaintiff seeks to assert the "mace" claim against Captain Aragon.

Moreover, the Court will:

9. **DISMISS** the claim for denial of medical treatment or for denial of access to medical treatment regarding Plaintiff's vision loss in its entirety because Plaintiff has not named any individual who denied him medical treatment or access to medical treatment;

10. **DISMISS** all claims against Defendant GEO Group because Plaintiff has alleged no GEO Group policy that was the moving force behind the alleged constitutional violations;

11. **DENY** Plaintiff's Objections [Doc. 141] to the extent that it seeks leave to amend the Complaint to assert a new retaliation claim against Sergeant Perry;

12. **DENY as moot** Plaintiff's Motion to Add Defendants [Reconstructed] by Amending Complaint [Doc. 112]; and

13. **DENY as moot** Plaintiff's Request to Grant [doc. 112] [sic] [Doc. 119].

### I.   Background

The Magistrate Judge adequately described the procedural posture of this case. *See* PF&RD [Doc. 138] at 4–5. As such, this Court need not describe more than the following.

#### A. The Complaint and the Second Motion to Amend

Plaintiff asserts that his civil rights were violated while he was incarcerated at two GEO-Group correctional facilities in New Mexico. The subject of this Order is Plaintiff's Second Motion to Amend [Doc. 67], filed on January 23, 2012. Plaintiff seeks to amend his Complaint by adding 22 new defendants, [Doc. 67] at 1–2, all of whom were discussed, but not

named as defendants, in the original Complaint.  *See generally* [Doc. 1]; *see also* [Doc. 29].  He alleges that some or all of the new proposed defendants: (1) interfered with his right to practice his religion by removing religious objects from his cell and treating them as contraband in violation of prison policy, [Doc. 1] at 3, 12; (2) denied Plaintiff medical attention, a decontamination shower, and drinking water, after he was sprayed with mace during an altercation with another inmate, [Doc. 1] at 3, 15–19, [Doc. 29] at 3; (3) retaliated against Plaintiff for filing grievances by destroying a photograph, making threats, giving his dinner to another inmate, removing his sheets, and placing him in "max-lock down," [Doc. 1] at 13−15; (4) struck Plaintiff on the back of the head while Plaintiff was allegedly handcuffed, [Doc. 1] at 12, [Doc. 29] at 4; and (5) denied Plaintiff adequate medical treatment for a sudden loss of vision, [Doc. 29] at 1.

Defendant GEO Group[4] opposes amendment on four grounds: (1) Plaintiff delayed nearly one year in moving to amend and gave no explanation for that delay, Response [Doc. 70] at 2; (2) the motion to amend is evidence of "abusive" and "dilatory" litigation tactics, *id.*; (3) the amendment would be futile, *id.* at 2–3;[5] and (4) permitting the amendment would prejudicially delay the resolution of this case, *id.* at 3.  Plaintiff's reply fails to make any legitimate legal argument against these objections, stating only that he should be allowed to add the new defendants "to grant justice," and because Defendant was granted an extension of time to file its *Martinez* report.  Reply [Doc. 71] at 5, 6–7.

---

[4] Although the caption names two Defendants, the New Mexico Corrections Department was dismissed from this case on July 5, 2011.  *See* Memorandum Opinion and Order [Doc. 33] at 2.

[5] As the Magistrate Judge's PF&RD points out, Defendant only addresses the futility of some of the proposed defendants; Defendant then conclusorily asserts that Plaintiff failed to allege sufficient personal involvement of the others.  [Doc. 70] at 2–3; PF&RD [Doc. 138] at 5.

### B.  The PF&RD

The Magistrate Judge filed the PF&RD [Doc. 138] on August 23, 2012.  He recommended that Plaintiff's Second Motion to Amend [Doc. 67] be granted in part and denied in part.  He recommended allowing Plaintiff to add: (1) the removal-of-religious-materials claim against Captain Guevara and Sergeant Perry, (2) the "mace" claim against Lieutenant Vigil and Corrections Officers Archuleta and Felix, (3) the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie, and (4) the claim against Captain Mitchell for hitting Plaintiff.  PF&RD [Doc. 138] 14–15.  Judge Vidmar recommended denying Plaintiff's request to add the following as defendants: (1) Senior Warden Bravo, Deputy Warden Ulibarri, and Sergeant Campos, (2) Lea County Correctional Facility and Guadalupe County Correctional Facility, and (3) Senior Warden Janecka, Deputy Warden Beard, Major Sandoval, and unnamed employees of both corrections facilities.  *Id.* at 15.  Judge Vidmar recommended denying Plaintiff's request to add the "mace" claim against Captain Aragon.  *Id.* at 15.  Finally, Judge Vidmar recommended dismissing all claims against the GEO Group, as well as all claims based on the denial of medical treatment or access to medical treatment.  *Id.* at 16.

Plaintiff filed his Objections [Doc. 141] on September 7, 2012.  *See generally, id.* at 2−16.  Each of Plaintiff's objections is addressed below.

### II.     Analysis

Rule 15 of the Federal Rules of Civil Procedure requires courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant a motion to amend is left to the sound discretion of the district court.  *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).  Grounds for denying a motion to amend include, *inter*

5

*alia*, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," and "futility of amendment." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted).

As to the Second Motion to Amend [Doc. 67], the Court agrees with the Magistrate Judge's finding that, although several factors weigh in favor of denying amendment, the amendment should be permitted to the extent that it is not futile. *See* PF&RD [Doc. 138] at 6–7 (finding that denying amendment outright would only delay these proceedings, as Plaintiff could easily file a new lawsuit naming the same 22 proposed defendants).

However, Plaintiff seeks to amend the Complaint a third time. One of his objections, i.e., that regarding Sergeant Perry, *see* Objections [Doc. 141] at 5–7, is yet another attempt to amend the Complaint with a claim not previously raised. The Court will construe that portion of the Objections as a third motion to amend and will deny it for the reasons stated below.

**A. Futility**

1. Dismissal of Plaintiff's Claim for Denial of Medical Treatment or Access to Medical Treatment Regarding Plaintiff's Vision Loss

Plaintiff objects to the Magistrate Judge's recommendation to dismiss Plaintiff's claim that he was denied adequate medical treatment for his sudden loss of vision. The Magistrate Judge so recommended because Plaintiff failed to name any individual who denied him medical treatment or access to medical treatment for his alleged vision loss. PF&RD [Doc. 138] at 16. Plaintiff objects because, as he states, "somebody & [an unnamed] Head of Security" removed the medical service requests pertaining to the alleged vision loss. Objections [Doc. 141] at 16.

Simply alleging that "somebody" and an unnamed "Head of Security" removed Plaintiff's medical service request does not, with any specificity, state who committed the alleged violation. Plaintiff's objection fails to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff also objects to the dismissal of his medical claims because "Warden Beard . . . lost the grievances [pertaining to the time when Captain Mitchell struck Plaintiff], chose not to follow up[, and that] caused Mr. Hale to be allowed [un]timely medicational [sic] treatment for his eye." Objections [Doc. 141] at 16. However, Plaintiff does not describe what relationship, if any, a grievance pertaining to the alleged attack by Captain Mitchell would have to Plaintiff's access to medical treatment. Nor does he allege any facts that would show how the loss of his grievance form, even if true, would lead to the denial of medical treatment. Indeed, Plaintiff does not allege that Beard was the person who denied him medical treatment or access to medical treatment; instead, as noted above, Plaintiff states that an unknown "somebody" and an unnamed "Head of Security" were the alleged persons who prevented him from receiving medical attention for his vision loss. Plaintiff's objection, therefore, fails to address the PF&RD's concern that Plaintiff does not name any individual who allegedly denied him medical treatment or access to medical treatment for the vision problem. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief can be granted"); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint

7

would be futile." (quoting *McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991))).  Accordingly, the Court will overrule Plaintiff's objections and dismiss his claims based on the denial of medical treatment and access to medical treatment.

2.  Dismissal of the GEO Group

Plaintiff objects to the Magistrate Judge's recommendation that Defendant GEO Group be dismissed from the case.  The Magistrate Judge found that the GEO Group could be held liable for the actions of its employees in a § 1983 suit only if it "directly caused the constitutional violation by instituting an official . . . policy of some nature that was the direct cause or moving force behind the constitutional violations."  PF&RD [Doc. 138] at 8 (quoting *Smedley v. Corr. Corp. of Am.*, No. 04-5113, 175 F. App'x 943, 946, 2005 WL 3475806 at *2 (10th Cir. Dec. 20, 2005) (unpublished)) (internal quotation marks omitted).  The Magistrate Judge found further that Plaintiff failed to allege that the GEO Group had a policy that was the moving force behind any of the violations that Plaintiff alleges.  *Id.*

Plaintiff offers no legitimate objection to the Magistrate Judge's findings.  Instead, he merely states that the GEO Group is at fault, asserting that "MANY failures to complete their . . . contractual agreement with 'New Mexico' did occure [sic] therefor creating their liabillity [sic] . . . by not ensuring their authorized staff did conduct themselves as sworn to be done."  Objections [Doc. 141] at 11.  More generally, however, Plaintiff's objections regarding the GEO Group argue that it should be held liable for its employees' conduct by virtue of its supervisory role over its employees.  *See id.* at 13 (asserting simply that the GEO Group is liable for its employees' conduct); at 17–19 (equating the GEO Group's liability to the tortious liability that the restaurant Golden Corral would incur if one of its employees assaulted a restaurant patron).

8

Plaintiff's objections fail because they do not allege that the GEO Group had a policy that was the moving force behind the alleged constitutional violations.  Instead, Plaintiff focuses on the argument that the GEO Group is liable for the conduct of its employees pursuant to a theory of respondeat superior.  However, a § 1983 civil rights claim against the GEO Group cannot be based on a theory of respondeat superior.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (§ 1983 claims cannot prevail against municipal governments on a theory of respondeat superior); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that while *Monell* itself applied to municipal governments, it is now well settled that *Monell* also extends to private entities acting under color of state law when sued pursuant to § 1983).  The Court will therefore overrule Plaintiff's objections and dismiss all claims against the GEO Group.

### 3. Deputy Warden of Security Beard

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff be denied leave to add Deputy Warden Beard as a defendant.  Objections [141] at 14–16.  Specifically, Plaintiff asserts that Beard misplaced a grievance form regarding the time that Captain Mitchell allegedly struck Plaintiff on the head.  Plaintiff states further that his "eye/vision impairment occurred from being beaten by Captain Mitchell at L.C.C.F. on 9-11-10—Warden Beard's facility." *Id.* at 14.  Plaintiff then proceeds to assert—without explanation—that had Beard not misplaced the grievance form, Plaintiff might have incurred a less substantial injury to his vision. *Id.* at 16.

Plaintiff's objections regarding Beard fail to address the concerns raised in the PF&RD.  First, as Plaintiff admits, Beard was not the individual who was personally involved in the head-striking incident—rather, it was Captain Mitchell who allegedly struck the blow to

Plaintiff's head that led to his vision loss. [Doc. 141] at 14 ("To clarify, the eye/vision impairment occurred from being beaten by Captain Mitchell. . . ."). Thus, Plaintiff fails to allege any facts that would establish Beard's liability in an individual capacity. *See Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (internal quotation marks omitted)).

Second, Plaintiff's objections regarding Beard fail to state a claim against Beard in his official capacity because they fail to allege facts that could constitute a claim against the entity represented by Beard. A § 1983 claim brought against a government employee in the employee's official capacity is "treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1983). Because Plaintiff has failed to state that there was a policy that was the moving force behind any of the violations that he alleges against Beard, *see* Section II.A.2. *supra*, Plaintiff's objections regarding Beard fail to the extent that they attempt to raise a theory of liability under Beard's official capacity.

Third, Plaintiff's objections regarding Beard fail to state a claim against Beard in his supervisory capacity. For a § 1983 claim to succeed against a supervisor, a plaintiff must demonstrate that (1) the supervisor "promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Plaintiff's objections regarding Beard fail to assert that Beard implemented a policy of denying Plaintiff access to medical attention for his eye injury. Accordingly, the Court will overrule

Plaintiff's objections and deny the Second Motion to Amend [Doc. 67] to the extent that it seeks to add Beard as a defendant.

    4.   <u>Alleged Denial of Shower and Access to Water After Being Sprayed with "Mace"</u>

          a.  Sergeant Campos

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's Second Motion to Amend be denied insofar as it seeks to add a "mace" claim against Campos. Objections [Doc. 141] at 2–4. Plaintiff reasserts that "Sergeant Campos on multiple mornings continued to deny [Plaintiff] any form of shower." However, Plaintiff's objections regarding Campos fail to address the PF&RD's findings. The Magistrate Judge found that Plaintiff's Complaint alleged that Campos had actually *offered* Plaintiff a shower after Plaintiff had been sprayed with mace. The Magistrate Judge found further that Plaintiff refused a trip to the shower unless Campos first retrieve Plaintiff's shower shoes, which the Magistrate Judge interpreted as a refusal by the Plaintiff rather than a denial by Campos. PF&RD [Doc. 138] at 12–13 (quoting Complaint [Doc. 1] at 16, 17). Upon de novo review, the Court agrees with the Magistrate Judge's reading of the Complaint.

Plaintiff asserts in his Objections that Campos "removed the [Plaintiff's] first 'medical request' form . . . as an attempt to hide the actions of the officers." [Doc. 141] at 4. Plaintiff supplies no additional details regarding the medical service request form. *See id.* However, Plaintiff goes on to state that the form "was found to be in [Plaintiff's] medical file later." *Id.* Plaintiff fails to explain how the medical service request form would show up in his medical file if it had been removed. Even if what Plaintiff alleges about the form were true, it does not negate the assertion made in the Complaint that Campos initially offered Plaintiff a shower.

11

None of Plaintiff's remaining objections regarding Campos controverts the allegation in the Complaint that Campos offered Plaintiff a shower, which Plaintiff refused on the ground that Campos would not bring him his shower shoes. These allegations fail to state a claim on which relief can be granted. *See Boles v. Newth*, No. 11-1510, 2012 WL 1593004 (10th Cir. May 8, 2012) (unpublished) (affirming the dismissal of plaintiff's § 1983 claim for denial of medical treatment where the plaintiff declined transport for cataract surgery and instead conditioned transport to the surgery on his being permitted to take a sleep apnea device along with him, which the prison guards did not permit, because the condition amounted to the plaintiff's refusal of transport rather than the guards' denial of transport). Therefore, the Court will deny Plaintiff's Second Motion to Amend [Doc. 67] as to Campos because such amendment would be futile.

b.   Corrections Officer Eastridge

Plaintiff's Second Motion to Amend seeks to add Corrections Officer Eastridge as a defendant. [Doc. 67] at 2. Plaintiff alleges that at some point after he was sprayed with "mace," and while still covered with the mace, Plaintiff told Eastridge, "the water didn't work and it was burning my skin up bad! [Eastridge] told me he was not normally in seg [sic] and I would have to wait until the next shift." Complaint [Doc. 1] at 17; *see also id.* at 16 (same account of Plaintiff's interaction with Eastridge). The PF&RD did not address Plaintiff's motion to add Eastridge as a defendant. In his Objections, Plaintiff reiterates that he told Eastridge of the lack of running water, but clarifies that he was in his cell at the time. Objections [Doc. 141] at 2. Plaintiff reiterates that Eastridge did nothing in response to his complaints of being in pain. *Id.*

at 2–3. The Court will allow Plaintiff to amend his Complaint to add Eastridge as a defendant, but only with respect to the "mace" claim.

### B. The New Retaliation Claim Raised in the Objections

As mentioned *supra*, Plaintiff's Objections assert a new claim, which this Court construes as a third motion to amend. For the first time, Plaintiff raises a claim that Sergeant Perry retaliated against him for filing grievances over the removal of his religious objects. [Doc. 141] at 5.[6] Plaintiff now claims that when Captain Mitchell struck Plaintiff on the head, Perry allegedly "yell[ed] out to Captain Mitchell that [Plaintiff] is the one who complained about his 'religious' items being removed." *Id.* at 5. Plaintiff further asserts that "by Sgt. Perry's command did Capt. Mitchell physically . . . beat on [Plaintiff]." *Id.* at 7.

The Court construes the portion of Plaintiff's Objections that discusses a retaliation claim against Perry as a third motion to amend. *See Hall*, 935 F.2d at 1110 (10th Cir. 1991) (a pro se litigant's pleadings are to be construed liberally). Applying the factors that district courts are to consider when deciding a motion to amend, this Court will deny Plaintiff leave to assert a retaliation claim against Perry.

Although the Court cannot say that the proposed amendment was made in bad faith, the remaining factors, *see Minter, supra* at 6, weigh against granting Plaintiff leave to assert this new claim. First, the Court finds that the proposed amendment is untimely. *See, e.g., Las Vegas Ice & Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (untimeliness alone

---

[6] The Magistrate Judge found that, after a review of the Complaint [Docs. 1, 29] Plaintiff asserted the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie only, and no other proposed defendant. PF&RD [Doc. 138] at 13. Accordingly, the Magistrate Judge recommended granting Plaintiff leave to assert his retaliation claim against only those three. *Id.* at 14, 15 ¶ 3. Plaintiff does not object to the recommendation insofar as it allows him to assert his retaliation claim against Aragon, Honea, and Christie. Objections [141] at 5. However, Plaintiff *does* raise a new claim against Sergeant Perry. *Id.*

may be a sufficient basis for denial of leave to amend). In the 18 months that this case had been pending at the time Plaintiff filed his Objections, Plaintiff had already filed a Complaint, [Doc. 1], amended that Complaint, [Doc. 29], and moved to amend the Complaint a second time, [Doc. 67], without ever mentioning this new retaliation claim against Perry. Plaintiff did not alert the Court or Defendants to this new claim until after the Court had analyzed the claims raised in Plaintiff's Complaint [Docs. 1, 29] and had directed Defendant to produce a comprehensive *Martinez* report. "[I]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

The Court also finds that Plaintiff had sufficient opportunity to raise his retaliation claim against Perry at an earlier time but failed to do so. Plaintiff obviously knew of the facts giving rise to this claim when he filed his original Complaint. The alleged physical attack by Captain Mitchell occurred on or around September 11, 2010, well before the original Complaint was filed. Complaint [Doc. 1] at 12. Plaintiff does not explain why he delayed raising this claim until now. The Court of Appeals for the Tenth Circuit has cautioned that, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the Motion to amend is subject to denial." *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (quoting *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)) (internal quotation marks and modifications omitted); *see also Pallottino v. City of Rio Rancho*, 31 F.3d

1023, 1027 (10th Cir. 1994) (stating that a district court "need not allow itself to be imposed upon by the presentation of theories in seriatim").

Finally, the Court finds that allowing the proposed amendment at this stage of the litigation will prejudice Defendants. Plaintiff's new retaliation claim against Perry could have been raised much earlier in the litigation, enabling Defendants to address that claim in the initial *Martinez* report and thereby preserving both the Defendants' and the Court's resources. For these reasons, the Court will deny Plaintiff's Objections [Doc. 141] to the extent that they can be construed to seek to amend the Complaint to include a new retaliation claim against Perry.

### C. Failure to Object to Certain Findings and Recommendations

Neither Plaintiff nor Defendant objected to the Magistrate Judge's following recommendations:

1. That Plaintiff not be allowed to add Senior Warden Bravo and Deputy Warden Ulibarri as defendants, Objections [Doc. 141] at 7, PF&RD [Doc. 138] at 11;

2. That Plaintiff not be allowed to add Senior Warden Janecka, Major Sandoval, unnamed Major at Lea County Correctional Facility, and the unnamed Department of Corrections state-contract monitors at Lea and Guadalupe County Correctional Facilities as defendants, Objections [141] at 13, PF&RD [Doc. 138] at 9–10;

3. That Plaintiff not be allowed to add the "mace" claim against Captain Aragon, Objections [Doc. 141] at 16, PF&RD [Doc. 138] at 11;

4. That Plaintiff be allowed to add the removal-of-religious-materials claim against Captain Guevara and Sergeant Perry, Objections [Doc. 141] at 2, PF&RD [Doc. 138] at 10–11;

5. That Plaintiff be allowed to add the "mace" claim against Lieutenant Vigil and Corrections Officers Archuleta and Felix, Objections [Doc. 141] at 2, PF&RD [Doc. 138] at 16;

6. That Plaintiff be allowed to add the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie, Objections [Doc. 141] at 5, PF&RD [Doc. 138] at 13–14; and

7. That Plaintiff be allowed to add a claim against Captain Mitchell for allegedly hitting Plaintiff on the head, Objections [Doc. 141] at 7, PF&RD [Doc. 138] at 14.

No party has filed objections to the above recommendations, and the time for doing so has passed. Any objections to these recommendations are thus deemed waived. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendations must be both timely and specific."). Therefore, the Court will adopt the above recommendations on the basis that no party has objected to them.

### III.   Conclusions

Based on the above, the remaining claims and defendants to this action will be exclusively: (1) removal-of-religious-materials claim against Defendants Guevara and Perry; (2) "mace" claim against Defendants Vigil, Archuleta, Felix, and Eastridge; (3) retaliation claim against Defendants Honea, Christie, and Aragon; and (4) head-striking claim against Defendant Mitchell.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 138] are hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Objections [Doc. 141] are **OVERRULED in part** and **SUSTAINED in part**. The Court sustains only that objection regarding Defendant Eastridge;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Complaint to Add the Proper Individuals['] Names [as] Defendant[s] on the Complaint [Doc. 67] ("Second Motion to Amend") is **GRANTED in part** and **DENIED in part**, as follows:

The Court **GRANTS** the Second Motion to Amend [Doc. 67] to the extent that:

1. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the removal-of-religious-materials claim against Captain Guevara and Sergeant Perry only;

2. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the "mace" claim against Lieutenant Vigil and Corrections Officers Eastridge, Archuleta, and Felix;

3. Plaintiff's Complaint [Docs. 1, 29] be amended to assert the retaliation claim against Captain Aragon and Corrections Officers Honea and Christie;

4. Plaintiff's Complaint [Docs. 1, 29] be amended to assert a claim against Captain Mitchell for hitting Plaintiff on the head;

The Court **DENIES** the Second Motion to Amend [Doc. 67] to the extent that:

5. Plaintiff seeks to add Senior Warden Bravo, Deputy Warden Ulibarri, and Sergeant Campos as defendants because such amendments would be futile; and

6. Plaintiff seeks to add Lea County Correctional Facility and Guadalupe County Correctional Facility as defendants because claims against them would have to be brought against their respective counties. However, because Plaintiff has alleged no policy or custom, it would be futile to add either the counties or the correctional facilities;

7. Plaintiff seeks to add Senior Warden Janecka, Deputy Warden Beard, Major Sandoval, unnamed Major at Lea County Correctional Facility, and the unnamed Department of Corrections state-contract monitors at Lea County and Guadalupe County Correctional Facilities because Plaintiff has alleged no personal involvement by any of these individuals in the alleged violations of his constitutional rights; and

8. Plaintiff seeks to assert the "mace" claim against Captain Aragon because such amendment would be futile.

Moreover, the Court:

9. **DISMISSES** the claims for denial of medical treatment or for denial of access to medical treatment regarding Plaintiff's vision loss in its entirety because Plaintiff has not named any individual who denied him medical treatment or access to medical treatment for the vision problem;

10. **DISMISSES** all claims against Defendant GEO Group because Plaintiff has alleged no GEO Group policy that was the moving force behind the alleged constitutional violations;

11. **DENIES** Plaintiff's Objections [Doc. 141] insofar as it moves this Court to grant Plaintiff leave to amend his Complaint to assert a new retaliation claim against Sergeant Perry;

12. **DENIES as moot** Plaintiff's Motion to Add Defendants [Reconstructed] by Amending Complaint [Doc. 112]; and

13. **DENIES as moot** Plaintiff's Request to Grant [doc. 112] [sic] [Doc. 119].

   **IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**United States District Judge**