## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER MICHAEL HALE,**

     **Plaintiff,**

**v.**                                          **No. 11-cv-0128 RB/SMV**

**The GEO Group, Inc.;**
**New Mexico Corrs. Dep't;**
**ISSAC GUERRA, Captain;**
**GREGORY MITCHELL, Captain;**
**TOM PERRY, Sergeant;**
**RUSSELL HONEA, Corrections Officer;**
**SAMUEL CHRISTIE, Corrections Officer;**
**PHIL ARAGON, Captain;**
**JESSICA VIGIL, Lieutenant;**
**DAVID N. EASTRIDGE, Corrections Officer;**
**TOMMY ARCHULETA, Corrections Officer; and**
**ROBERT FELIX, Corrections Officer;**

     **Defendants.**

## ORDER DENYING FOURTH MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING IN PART AND DENYING IN PART MOTION [FOR] DETAIL

     THIS MATTER is before the Court on Plaintiff's [Fourth] Motion to Appoint Counsel [Doc. 154],[1] filed December 19, 2012, and on his Motion [for] Detail [Doc. 148], filed December 11, 2012. The Court, being fully advised in the premises, finds that Plaintiff's [Fourth] Motion to Appoint Counsel [Doc. 154] is not well-taken and should be denied. The Court further finds that the Motion [for] Detail should be granted in part and denied in part, and the Court will inform Plaintiff as to the status of his case.

---

[1] Plaintiff previously filed three motions for the appointment of counsel. *See* [Docs. 7, 9, and 43]. Each was denied. Order [Doc. 23] (denying first and second motions); Order [Doc. 60] (denying third).

I.        **Plaintiff's Fourth Motion for Counsel**

Plaintiff was incarcerated when he filed his complaint, but on August 15, 2012, he notified the Court that he had been released.  Letter [Doc. 133] at 1.  On December 7, 2012, the Court scheduled a telephonic status conference to be held on December 20, 2012.  Order Setting Telephonic Status Conference [Doc. 146] at 1.  However, on December 11, 2012, Plaintiff notified the Court that he was again incarcerated.  Motion [for] Detail [Doc. 148] at 3.  Consequently, on December 13, 2012, the Court vacated the December 20 telephonic status conference.  Order Vacating . . . [Doc. 149].  Plaintiff filed his motion for counsel on December 19, 2012.  [Fourth] Motion to Appoint Counsel [Doc. 154].  Apparently unaware that the hearing had been vacated and believing that he would not be able to arrange to participate due to his incarceration, Plaintiff requests an attorney to "stand in" for him.  [Fourth] Motion to Appoint Counsel [Doc. 154] at 3 (requesting an attorney so that "someone with the Plaintiff's best interest [could] stand in his place should any other conferences or meeting be set to occure [sic] without limitations of [Plaintiff]'s current custody status.").

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks

2

omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims. Finally, to the extent that Plaintiff seeks counsel for the limited purpose of appearing on his behalf at the December 20 telephonic status conference, the Court notes that the status conference was vacated on December 13, 2012. Order Vacating Telephonic Status Conference [Doc. 149]. Thus, the request is moot.

## II.      Status of Plaintiff's Case

Plaintiff asks the Court "for details as [to how] to proceed respectfully and correctly[.]" Motion [for] Detail [Doc. 148] at 1. The Court cannot provide legal advice to Plaintiff and encourages him to find an attorney. However, the Court will inform him of the status of the case. The Clerk of the Court mailed notices and waiver-of-service forms, as well as copies of the Complaint [Docs.1 and 29], to the ten Defendants who were added by the Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 143]. Order Directing Clerk to Mail Certain Documents [Doc. 150] (filed December 13, 2012). Presently, the Court is awaiting the ten individual Defendants' entries of appearance and answer(s). Thus, at this time, nothing is needed from Plaintiff.

3

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's [Fourth] Motion to Appoint Counsel [Doc. 154] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion [for] Detail [Doc. 148] is **GRANTED IN PART and DENIED IN PART**.  The Court does not advise Plaintiff as to how to proceed but does inform him herein of the status of the case.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**