## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MICHAEL HALE,

      Plaintiff,

v.                                                            No. 11-cv-0128 RB/SMV

THE GEO GROUP, INC.,
N.M. CORRS. DEP'T,
ISSAC GUERRA,
TOM PERRY,
JESSICA VIGIL,
DAVID N. EASTRIDGE,
TOMMY ARCHULETA,
ROBERT FELIX,
PHIL ARAGON,
RUSSELL HONEA,
SAMUEL CHRISTIE, and
GREGORY MITCHELL,

      Defendants.

## ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition [Doc. 183] ("PF&RD"), filed June 12, 2012. Judge Vidmar recommended granting summary judgment in favor of Defendants on all claims except the Eighth-Amendment excessive-force claim against Defendant Mitchell. *Id.* at 25–26. On June 24, 2013, Plaintiff filed his Agreement in Part, Appeall [sic] in Part . . . [Doc. 184] ("Plaintiff's Objections"). On June 25, 2013, Defendant Mitchell filed his Objection to Magistrate Judge's [PF&RD] . . . [Doc. 185] ("Mitchell's Objections"). Defendants[1]

---

[1] The Response [Doc. 186] refers to all Defendants, but Defendant Christie has not appeared.

responded to Plaintiff's Objections on June 25, 2013.  Defendants' Response in Opposition to Plaintiff's Objection . . . [Doc. 186] ("Defendants' Response").  On July 5, 2013, Plaintiff filed his Response to the Defendant's Objections . . . [Doc. 188] ("Plaintiff's Response").  For the reasons stated below, the Court will (1) overrule Plaintiff's Objections, (2) sustain Defendant Mitchell's Objections, (3) adopt in part and deny in part the PF&RD, (4) grant Defendants' *Martinez* Report [Doc. 74] insofar as it requests summary judgment, and (5) dismiss all remaining claims in Plaintiff's Complaint [Docs. 1 and 29].[2]

### FACTUAL AND PROCEDURAL BACKGROUND

The Court notes that Judge Vidmar's factual findings, PF&RD [Doc. 183] at 2–9, thoroughly addressed the pertinent facts and summarized Plaintiff's claims.  The Court will therefore adopt those findings and make the following brief summary.

Plaintiff alleges that the Defendants violated his constitutional rights by confiscating his religious materials, retaliating against him for filing prison grievances, failing to provide him with necessary medical care, and physically assaulting him. *See generally* Complaint [Doc. 1]; Amended Complaint [Doc. 29].  More specifically, he alleges (a) that Defendants Guerra and Perry confiscated his religious materials, (b) that Defendant Mitchell struck him in the head while he was handcuffed, (c) that Defendants Vigil, Archuleta, Eastridge, and Felix were deliberately indifferent to his serious medical needs after he was sprayed with pepper spray, and (d) that Defendants Aragon, Honea, and Christie retaliated against him in a variety of ways to punish him for filing prison grievances. *See generally* Complaint [Doc. 1] at 3, 11–18; Amended

---

[2] Pursuant to the Court's Memorandum Opinion and Order [Doc. 33], Plaintiff's Complaint consists of two filings: the Prisoner's Civil Rights Complaint [Doc. 1] and Plaintiff's Amended Complaint [Doc. 29].

Complaint [Doc. 29] at 3–4. Defendants argue that Plaintiff's claims are without merit and ask the Court to grant summary judgment on all claims. *See generally Martinez* Report [Doc. 74].

Judge Vidmar construed Defendants' *Martinez* Report as a Motion for Summary Judgment. PF&RD [Doc. 183] at 2. He recommended denying summary judgment on the excessive-force claims against Defendant Mitchell and granting summary judgment in favor of all other Defendants on all other claims. *Id.* at 25–26.

Plaintiff objected to the recommended dismissal of Defendants Perry, Guerra, Christie, Honea, and Aragon; he did not object to the recommendations pertaining to Defendants Mitchell, Eastridge, Archuleta, Felix, and Aragon. *See generally* Plaintiff's Objections [Doc. 184]. Defendant Mitchell objected to Judge Vidmar's recommendation that summary judgment should be denied as to Plaintiff's excessive-force claim against him. Mitchell's Objections [Doc. 185]. In his Response to both [Docs. 185 and 186], Plaintiff simply asserts that Defendant Mitchell should not be dismissed because Plaintiff has evidence to support his excessive-force claim. Plaintiff's Response [Doc. 188] at 5.

STANDARDS

## I.     Objections to a PF&RD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

3

## II.        Motion for Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled as a matter of law." FED. R. CIV. P. 56(a).  The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If this burden is met, the party opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  A dispute is "'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  Although all facts are construed in favor of the nonmoving party, it is still the nonmoving party's responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

DISCUSSION

The Court will now review de novo the portions of the PF&RD to which objections were made.

## I.        Confiscation of Religious Materials

It is well-settled that "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate*

*of Shabazz,* 482 U.S. 342, 348 (1987).  Free-exercise claims are subject to a two-step inquiry. First, the plaintiff has the burden of showing that a prison regulation "substantially burdened . . . sincerely held religious beliefs."  *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).  Should the plaintiff meet this requirement, the burden shifts to the defendant to "identif[y] the legitimate penological interests that justif[ied] the impinging conduct."  *Id.* (citing *Salahuddin v. Goord*, 467 F.3d 263, 275 (2d Cir. 2006)).

In his PF&RD, Judge Vidmar found that Plaintiff had failed to show one of the necessary prongs of the test for free-exercise violations.  Specifically, he found that Plaintiff failed to show that Defendants' actions "substantially burdened" his ability to practice his faith.  PF&RD [Doc. 183] at 14–15, 13 (citing *Boles*, 486 F.3d at 1182).  Plaintiff alleged merely that Defendant Perry confiscated certain religious materials; he did not allege that a prison regulation substantially burdened his ability to worship.  *Id.* at 14–15 (citing *Boles*, 486 F.3d at 1182, for the proposition that the test for First-Amendment free-exercise claims is concerned with prison regulations). Judge Vidmar therefore concluded that Plaintiff's free-exercise claim was an isolated incident that did not amount to a constitutional violation and recommended granting summary judgment. *Id.* at 15.  Plaintiff objects and sets forth more specifically those religious items that were confiscated.  Plaintiff's Objections [Doc. 184] at 3–4 (describing "ash runes" used for praying, which were confiscated).

On de novo review, the Court finds that Plaintiff has failed to state a claim that amounts to a free-exercise violation.  Although Plaintiff provides a description of the items that were seized, this does not cure the deficiency of his claim—namely, that he has failed to allege, much less show, that his right to practice his religion was substantially burdened by a prison regulation.

*See Boles*, 486 F.3d at 1182 (free-exercise claim concerned with prison regulations that pervasively restrict an inmate's right to practice religion).  Plaintiff's allegations show only an isolated, negligent act that does not rise to the level of a constitutional violation.  *See, e.g.*, *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) (Isolated acts in which prison officials failed to approve inmate's requests for religious meal accommodations in a timely fashion did not amount to free-exercise violations because the "actions were, at most, isolated acts of negligence, not pervasive violations of [the inmate's] right to free exercise of religion. . . . [A]n isolated act of negligence w[ill] not violate an inmate's First Amendment right to free exercise of religion."); *see also Peterson v. Lampert*, No. 11-8107, 2012 WL 4857050, at *1–2 (10th Cir. Oct. 15, 2012) (unpublished) (prison's losing box of religious materials including a crystal wand, tarot cards, and satanic bible was no more than an "isolated act of negligence" and did not give rise to a constitutional violation); *White v. Glantz*, No. 92-5169, 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993) (unpublished) ("Although the Plaintiff was most certainly annoyed and exasperated [the] isolated negligent act of the Defendants cannot support a claim that the Plaintiff was denied his First Amendment right to freedom of religion.").  The Court will therefore overrule Plaintiff's Objections, adopt the PF&RD, and grant summary judgment in favor of Defendants Perry and Guerra on Plaintiff's free-exercise claim.

## II.    Defendant Mitchell's Alleged Assault of Plaintiff

The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates from "the unnecessary and wanton infliction of pain" by corrections officers.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  A claim that prison officials used excessive force "involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively "harmful

enough" to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting *Hudson*, 503 U.S. at 8). Not "every malevolent touch by a prison guard gives rise to a federal cause of action," and *de minimis* uses of force are excluded from the definition of cruel and unusual punishment unless the force is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10. The extent of an injury suffered by the inmate is one of the factors to be considered in determining whether force was excessive; however, absence of serious injury does not end the inquiry. *Id.* at 8.

Judge Vidmar recommended denying summary judgment on Plaintiff's Eighth-Amendment excessive-force claim. Finding that the pertinent medical records attached to the *Martinez* Report [Doc. 74] were inconclusive as to the cause of Plaintiff's vision loss, he recommended denying summary judgment on this claim because the records did not rule out the alleged assault as a possible cause. PF&RD [Doc. 183] at 17–18. Because he felt that the medical evidence was "equivocal" on the cause of Plaintiff's vision loss, Judge Vidmar concluded that Plaintiff was entitled to have all reasonable inferences drawn in his favor and recommended denying summary judgment. *Id.* at 18 (citing *Stack v. McCotter*, 02-4157, 79 F. App'x 383, 389 (10th Cir. Oct. 24, 2003) (unpublished)).

Defendant Mitchell objects. In his Objections, Defendant Mitchell argues that Plaintiff fails to show that the alleged assault was objectively harmful enough to establish an Eighth-Amendment violation. Mitchell's Objections [Doc. 185] at 4–5 (citing *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003)). Specifically, Defendant Mitchell argues that the alleged assault, even if it occurred as Plaintiff described, amounts only to a *de minimis* use of force and

thus fails to state a valid excessive-force claim. *Id.* at 5–6. He also argues that there is no evidence linking Plaintiff's vision loss to the assault. *Id.* at 7. In his Response to Mitchell's Objections, Plaintiff simply asserts that he has evidence supporting his claim in the form of an inmate's witness statement,[3] a series of medical and psychological records,[4] and his own testimony. Plaintiff's Response [Doc. 188] at 5. He also alleges for the first time that the assault left "displaced tissue" on his head. *Id.* at 4.

Plaintiff did not object to the recommendation to allow the claims against Mitchell to survive. He did, however, add more details surrounding the alleged assault. *See* Plaintiff's Objections [Doc. 184] at 5–6. He described the fight in the prison "rec yard" that preceded the alleged assault by Defendant Mitchell. *Id.* at 5. The fight included four inmates, including Plaintiff. *Id.* Correctional officers broke up the fight and cleared hundreds of inmates from the yard over the next half hour. *Id.* Plaintiff and the other three inmates involved in the fight were taken to the "main rec yard area." *Id.* Allegedly, Mitchell's assault on Plaintiff occurred only after the correctional officers stopped the fight and cleared the yard of most of the inmates. *Id.* at 6.

On de novo review, the Court finds that even if the assault occurred as Plaintiff alleged, Plaintiff has failed to allege a use of force that amounts to a constitutional violation. The assault, even if it occurred as Plaintiff has described it, amounts only to a *de minimis* use of force that is not "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9; *see also Marshall v.*

---

[3] Plaintiff does not describe the "witness statement" to which he refers. However, the Court infers that he is referring to the written statement made by Rodney Paschoal, based on Plaintiff's previous reliance on that letter. *See* PF&RD [Doc. 183] at 5 (describing letter); [Doc. 74-16] at 17 (undated letter by Rodney Paschoal describing Mitchell's alleged assault on Plaintiff).

[4] Again, Plaintiff is unclear in his Response [Doc. 188] and does not describe to which records he refers. The Court infers that he is referring to the medical records filed with the *Martinez* Report [Doc. 74], as Judge Vidmar relied on those records in his PF&RD [Doc. 183].

*Milyard*, No. 10-1104, 415 F. App'x 850, 852–53 (10th Cir. Jan. 31, 2011) (unpublished) (grabbing inmate's arm and digging in his fingernails, which resulted in a bruise and scratches, was a *de minimis* use of force that was not repugnant to the conscience of mankind); *Rhoten v. Werholtz*, No. 07-3064, 243 F. App'x 364, 366–67 (10th Cir. June 20, 2007) (unpublished) (slamming inmate against a wall, squeezing his nipples, squeezing his buttocks, and pulling hard on inmate's testicles, which caused great deal of pain, was a *de minimis* use of force that was not repugnant to the conscience of mankind); *Norton v. City of Marietta, OK*, 432 F.3d 1145, 1156 (10th Cir. 2005) (grabbing inmate's neck, twisting, and hurting it after inmate failed to comply with the officer's order to lie down did not amount to conduct that was objectively harmful enough to support an excessive-force claim); *Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994) (hitting prisoner in the head with a bucket, which resulted in daily headaches and pain, was minor use of force insufficient to establish an excessive-force claim).

Plaintiff argues that Defendant Mitchell's assault was more than *de minimis* because it caused his subsequent vision loss. However, none of Plaintiff's medical records attributes the vision loss to Mitchell's assault. *See, e.g.*, [Doc. 74-19] at 5 (optometrist exam concluding that there was no objective reason for vision loss), 8, 9, 13. Plaintiff was taken to see a contract medical services provider on the day of the assault, and the provider noted no injuries. [Doc. 74-18] at 2. Plaintiff has produced no evidence on which a rational trier of fact could rely to find a causal connection between the alleged assault and the vision loss. *See King v. Patt*, No. 12-4107, 2013 U.S. App. LEXIS 9492, *23–24 (10th Cir. May 10, 2013) (unpublished) (on an Eighth-Amendment delay-of-medical-care claim, the court held that "expert [medical] testimony is not required in cases where the jury can determine from the non-expert evidence presented

whether the delay caused additional harm.").  Plaintiff's bare allegations that the alleged assault caused his vision loss are insufficient to create a genuine issue of material fact.  *See Johnson*, 422 F.3d at 1187 (In a motion for summary judgment, it is the nonmoving party's responsibility to go beyond the pleadings and designate facts so as to "establish the existence of an element essential to [his] case in order to survive summary judgment.").  Viewing all of the evidence in a light most favorable to Plaintiff, no reasonable jury could find that Defendant Mitchell's blow caused Plaintiff's alleged vision loss.[5]  Other than Plaintiff's own speculation, there is no evidence at all linking Mitchell's blow to the alleged injury.  Therefore, the Court finds that Plaintiff has failed to meet the objective prong of the excessive-force test and Defendant Mitchell is entitled to summary judgment as a matter of law.  *See Marshall*, 415 F. App'x at 853 (relying, in part, on the fact that prisoner only had a minor injury, a bruise, in concluding force was *de minimis*).

The Court will therefore sustain Mitchell's objections and grant summary judgment in favor of Defendant Mitchell on Plaintiff's excessive-force claim.

### III.   Alleged failures by Defendants Eastridge, Archuleta, and Felix to Treat Pepper-Spray Injuries

Judge Vidmar found that Plaintiff failed to exhaust his claims against Defendants Eastridge, Archuleta, and Felix.  PF&RD [Doc. 183] at 18–19.  Plaintiff did not object to this

---

[5]  Assuming *arguendo* that the alleged blow was severe enough to cause Plaintiff's vision loss, there is no evidence in the record from which a jury could reasonably determine that the vision loss was attributable to that blow, as opposed to a blow received in the fight with the other three inmates, or for that matter, a second fight with another inmate that occurred on October 26, 2010, a little over six weeks after the alleged blow.  *Martinez* Report [Doc. 74] at 23 (stating that another fight occurred on October 26, 2010, after Mitchell's alleged blow and before Plaintiff's first mention of his vision problems).  "[E]vidence equally consistent with two hypotheses tends to prove neither."  *Udseth v. United States*, 530 F.2d 860, 862 (10th Cir. 1976) (internal quotation marks omitted).

finding. The Court will therefore adopt the PF&RD and grant summary judgment in favor of

Defendants Eastridge, Archuleta, and Felix.[6]

## IV. Defendant Vigil's Alleged Failure to Treat Pepper Spray Injuries

The individual liability of a defendant sued under 42 U.S.C. § 1983 must be based on

personal involvement in the alleged constitutional violation. *Gallagher v. Shelton*, 587 F.3d

1063, 1069 (10th Cir. 2009). That means that there must be "an affirmative link" between the

defendant and the alleged constitutional violation. *Id.* (internal quotation marks omitted). The

Tenth Circuit has recognized that "a denial of a grievance, by itself without any connection to the

violation of constitutional rights alleged by plaintiff, does not establish personal participation

under § 1983." *Id.* When an inmate's "only allegations involving [particular] defendants relate

to the denial of his grievances, he has not adequately alleged any factual basis to support an

'affirmative link' between these defendants and any alleged constitutional violation." *Id.*; *see*

*also Whittington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009)

(unpublished) (holding that defendant prison officer's denial of prisoner's grievances failed to

establish defendant's personal participation necessary to attach liability for the underlying Eighth

Amendment claim—deprivation of personal hygienic products).

Plaintiff's only claim against Defendant Vigil is that she denied Plaintiff's grievances.

Complaint [Doc. 1] at 18. Judge Vidmar found that Defendant Vigil's decision to deny

Plaintiff's grievances did not give rise to an Eighth Amendment violation. PF&RD [Doc. 183] at

20 (citing *Whittington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009)

---

[6] As Plaintiff's claims against these three Defendants are being dismissed due to failure to exhaust, the Defendants will be dismissed *without* prejudice. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) (If a prisoner fails to exhaust the administrative procedures, his case must be dismissed without prejudice to afford the plaintiff an opportunity to exhaust his administrative remedies.). All other Defendants in this action will be dismissed *with* prejudice.

(unpublished)).  In his Objections [Doc. 184], Plaintiff simply reasserts that Defendant Vigil was negligent in denying his grievances, and should therefore be held responsible for any injuries that Plaintiff may have suffered as a consequence of the lack of showers.  *Id.* at 7.

On de novo review, the Court finds that Plaintiff's claims against Vigil do not give rise to an Eighth Amendment claim and should therefore be denied.  First, even if Defendant Vigil had been negligent, as Plaintiff urges, the claim would fail because negligence is not cognizable under § 1983.  *See Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008).  Second, Plaintiff only conclusorily asserts that Defendant Vigil must be held responsible.  He has not alleged, much less shown, an affirmative link between Defendant Vigil's denial of grievances and the alleged constitutional violation.  *See Gallagher*, 587 F.3d at 1069 (plaintiff fails to show an "affirmative link" between a defendant and an alleged constitutional violation when a claim against the defendant relates solely to denial of grievances).  The Court will therefore overrule Plaintiff's Objections, adopt the PF&RD, and grant summary judgment in favor of Defendant Vigil.

## V. Defendants Christie and Honea's Alleged Retaliation Against Plaintiff for Filing Grievances

In order to properly assert a retaliation claim under the First Amendment, Plaintiff must allege the following:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff claims that Defendants Honea and Christie retaliated against him as punishment for filing prison grievances. Complaint [Doc. 1] at 11. Specifically, he alleges that on October 2, 2010, Defendants Christie and Honea: (i) altered his food by mashing up his cornbread with his other food, (ii) removed one of his pictures and tore another picture of his sister, and (iii) removed his sheets. *Martinez* Report [Doc. 74-11] at 9–10; Complaint [Doc. 1] at 11. He alleges that on October 5, 2010, Defendant Honea denied him a food tray. Complaint [Doc. 1] at 13–14.

In his PF&RD, Judge Vidmar found that the purported acts of retaliation by Honea and Christie were not sufficiently serious to chill a person of ordinary firmness from continuing to engage in a constitutionally protected activity. PF&RD [Doc. 183] at 22. Judge Vidmar found in the alternative that, even if the purported acts of retaliation could have chilled a person from pursuing constitutionally protected activities, the retaliation claim would still fail because Plaintiff had not shown that any of the purported abuses were motivated by a desire to retaliate against Plaintiff *for filing grievances. Id.* at 23. Finally, Judge Vidmar found that, even if the Court assumed that Defendants Christie and Honea were aware that Plaintiff had filed grievances, there was no evidence that Plaintiff "ever filed grievances against these specific Defendants prior to the allegedly retaliatory acts." *Id.* at 24. Plaintiff objects to Judge Vidmar's recommendation and repeats his allegations, adding only that Defendant Honea's denial of the food tray was in retaliation for a grievance that Plaintiff had earlier filed against Christie and Honea for "destroying [his] room." Plaintiff's Objections [Doc. 184] at 11.

On de novo review, the Court finds that Plaintiff has failed to allege conduct that would support a retaliation claim under the First Amendment. The retaliatory acts that Plaintiff alleges

13

were simply not serious enough to have chilled a person of ordinary firmness from engaging in a constitutionally protected activity. *See, e.g.*, *Huertas v. Sobina*, No. 11-3529, 2012 WL 1372146, at *2 (3d Cir. April 20, 2012) (unpublished) (confiscation of personal photographs insufficient to chill a person of ordinary firmness from pursuing protected activity); *Reynolds-Bey v. Harris*, No. 09-1472, 428 F. App'x 493, 504 (6th Cir. April 13, 2011) (unpublished) (noting that "prisoners are expected to endure more than the average citizen" and that not every objectionable act directed towards a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from pursuing prison grievance process) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005)); *Morris v. Powell*, 449 F.3d 682, 684–85 (5th Cir. 2006) (*de minimis* retaliatory acts cannot establish a constitutional violation).

Second, even if some of the retaliatory conduct alleged had been enough to chill a person from pursuing a constitutionally protected activity, Plaintiff's claims would still fail because he has not shown that the conduct was motivated by a desire to retaliate against him for filing grievances. As to Christie, Plaintiff asserts that Christie tore up his cell because he had asked Christie to take a book to another inmate, *not* because Plaintiff had filed grievances against Christie. Complaint [Doc. 1] at 13. This is simply not enough to sustain a retaliation claim against Christie. *See Gee*, 627 F.3d at 1189; *see also Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of fact."); *Bones v. Honeywell Int'l, Inc.*, 336 F.3d 869, 875 (10th Cir. 2004) (a party cannot manufacture a genuine issue for trial based solely on unsubstantiated allegations).

As to Defendant Honea, only in his Objections [Doc. 184] does Plaintiff allege that Honea denied him a food tray because he was aware of a grievance against him. Because Plaintiff did not argue this to Judge Vidmar, it is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Nonetheless, even if the Court were to assume that Honea's action had been substantially motivated by Plaintiff's filing a grievance, the claim would still fail because Plaintiff has failed to show that the conduct would chill a person of ordinary firmness from continuing to engage in filing grievances. *See Shero*, 510 F.3d at 1203. The Court is not convinced that Honea's denial of a food tray on one occasion was serious enough to chill a person of ordinary firmness from pursuing protected activity. *See Reynolds-Bey*, 428 F. App'x at 504 (not every objectionable act directed towards a prison constitutes adverse action sufficient to deter a person of ordinary firmness for pursuing prison grievance process).

The Court will therefore overrule Plaintiff's objections, adopt the PF&RD, grant summary judgment in favor of Defendants Honea and Christie, and dismiss the retaliation claims with prejudice.

## VI.   Defendant Aragon's Alleged Retaliation Against Plaintiff for Filing Grievances

Judge Vidmar found that Plaintiff failed to show that Defendant Aragon's recommendation that Plaintiff be placed in segregation amounted to retaliation in violation of the First Amendment. *See generally* PF&RD [Doc. 183] at 23–24. Specifically, Plaintiff failed to produce evidence that showed Defendant Aragon's conduct was substantially motivated by Plaintiff's filing grievances and, therefore, recommended granting summary judgment in favor of Aragon. *Id.* Plaintiff did not object to the findings relating to Defendant Aragon. Plaintiff's

Objections [Doc. 184] at 10.  The Court will therefore adopt the PF&RD, grant summary judgment in favor of Defendant Aragon, and dismiss this retaliation claim with prejudice.

CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the objections contained in Plaintiff's Agreement in Part, Appeal [sic] in Part . . . [Doc. 184] are **OVERRULED**;

**IT IS FURTHER ORDERED** that Defendant Mitchell's Objection to Magistrate Judge's [PF&RD] . . . [Doc. 185] is **SUSTAINED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 183] are:

I.    **ADOPTED in part** to the extent that it recommends:

    a.   Defendants Guerra and Perry's motion for summary judgment with regard to Plaintiff's First-Amendment free-exercise claim be **GRANTED**;

    b.   Defendants Archuleta, Felix, and Eastridge's motion for summary judgment with regard to Plaintiff's Eighth-Amendment deliberate-indifference claim be **GRANTED**;

    c.   Defendant Vigil's motion for summary judgment with regard to Plaintiff's Eighth-Amendment deliberate-indifference claim be **GRANTED**; and

    d.   Defendants Aragon, Honea, and Christie's motion for summary judgment with regard to Plaintiff's First Amendment retaliation claim be **GRANTED**; and

II.   **REJECTED in part** to the extent that it recommends denying summary judgment on Plaintiff's claims against Defendant Mitchell.

16

**IT IS FURTHER ORDERED** that Defendants' *Martinez* Report [Doc. 74], which the Court construes as a Motion for Summary Judgment, is **GRANTED**.  All of Plaintiff's claims are hereby **DISMISSED**, as is Plaintiff's Complaint [Docs. 1 and 29];

**IT IS FURTHER ORDERED** that all claims asserted against Defendants Guerra, Perry, Vigil, Christie, Honea, Aragon, and Mitchell are hereby **DISMISSED with prejudice**, and all claims asserted against Defendants Eastridge, Archuleta, and Felix are **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time [Doc. 180] and Motion for Settlement [Doc. 181] are **DENIED as moot**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**United States District Judge**

17